UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 14-CR-10363-RGS |
| BARRY J. CADDEN, et al. | ) | ORAL ARGUMENT REQUESTED |
| Defendants. | ) | |

## DEFENDANT KATHY S. CHIN'S
## MOTION *IN LIMINE* TO PROHIBIT THE GOVERNMENT
## FROM ARGUING VICARIOUS LIABILITY

The Defendant Kathy S. Chin moves for an order *in limine* prohibiting the government from arguing or suggesting that because she is a pharmacist she can be held criminally responsible for alleged wrongdoing by other NECC employees.  The government alleges that defendant Kathy Chin was "the *only pharmacist"* to review the drug orders prior to shipment from NECC, thereby implying that she had some responsibility for the shipment above and beyond the requirements of her job.  Kathy Chin is not charged in any conspiracy or RICO count and as a low level employee of the corporation cannot be held vicariously liable for the misdeeds - if any - of her coworkers.

### BACKGROUND

The government has charged Kathy Chin as one of 14 defendants in this case. Ms. Chin is charged for her role as an employee pharmacist at New England Compounding Center ("NECC"). The government alleges that NECC improperly manufactured and sold tainted drugs resulting in patient deaths. The government charges that NECC intentionally avoided FDA

1

oversight by falsely claiming to be a pharmacy and not a drug manufacturing facility.  Ms. Chin is alleged to have intentionally dispensed prescription drugs without valid individual prescriptions in connection with four shipments of medications. (Counts 104-107).  Ms. Chin is not charged in any RICO or conspiracy count in this indictment. She is not charged in the Count Three Conspiracy to defraud the FDA.

Specifically, in connection with the four orders that are the subject of the four counts against Ms. Chin, the government claims that the Prescription Order Forms contained obviously fake patient names and that NECC and Ms. Chin knowingly shipped the drugs anyways. Ms. Chin's job was to check that the drug that was ordered was being sent to the correct facility and she filled out a check list for each order verifying that information.  Ms. Chin had no responsibility for checking prescriptions or patient names.  The government has no evidence that Ms. Chin ever even saw or knew about the alleged fake names.  That function was performed by other NECC employees in the confirming department under the direct supervision of Head Pharmacist and Manager of Record Barry Cadden.   Ms. Chin was a low level employee in the shipping department and had no supervisory role at the company.

Pharmacies in Massachusetts must have a Pharmacist in Charge and Manager of Record and at NECC that was Barry Cadden.  The "Manager of Record" or "Pharmacist in Charge" is a licensed pharmacist who signs the application for a pharmacy permit and assumes full legal responsibility for the operation of the relevant pharmacy in a manner complying with the laws and regulations for the practice of pharmacy and the sale and dispensing of controlled substances.  The Manager of Record (MOR) has additional responsibilities compared to the other pharmacists working in the pharmacy and their individual pharmacist license can be disciplined if the pharmacy is found to be in violation.  Mass Board of Registration in Pharmacy Advisory

on New Managers of Record (https://www.mass.gov/files/documents/2016/09/oa/new-managers-record.doc).

The government acknowledges that the dispensing process at NECC was a distributed, multi-step, multi-employee process overseen by Barry Cadden. Government *Motion to Reconsider Dismissal of Charges Against Chin,* Docket # 692, p. 3.  Nevertheless, the government claims that Kathy Chin was responsible for confirming that the orders had valid prescriptions (and apparently everything else that went on at the company) even though that was not her job because she was "the *only pharmacist[]* to review the drug orders prior to shipment." *Id.,* p. 1 and 4 (emphasis in original).

**ARGUMENT**

Kathy Chin cannot be held criminally responsible for alleged wrongdoing by NECC or by her coworkers simply because she is a pharmacist.  It is entirely legal and appropriate for pharmacist to work in a corporate setting.  There is no requirement that all aspects of compounding or dispensing medications be completed by a single pharmacist. A pharmacist who is hired to perform a particular job is not responsible for aspects of the compounding or dispensing process performed by others at the company.

As this court recognized previously in this case, "Vicarious liability, whether vertical, or as the government would have it here, inverted, has no place in the criminal law as our Rules of Evidence recognize. "[T]hough in a civil suit, the principal may in some cases be answerable in damages to the party injured through the default of the deputy; yet, in a capital prosecution, the sole object of which is the punishment of the delinquent, each man must answer for his own acts or defaults." Sir William Oldnall Russell, *A Treatise on Crimes and Indictable Misdemeanors*, Vol. I at 459 (2d ed. 1826)." *United States v Cadden et. al*, 14-cr-10363-RGS, "Memorandum and Order on Defendants' Joint Motion to Exclude Evidence of Patient Harm Related to

Methylprednisolone Acetate," Document 1495, Filed 05/07/18, Page 16 of 17 ((footnote 10 omitted)).

The government acknowledges that the dispensing process at NECC was a distributed, multi-step, multi-employee process overseen by Pharmacist in Charge and Manager of Record Barry Cadden Barry Cadden. Government *Motion to Reconsider Dismissal of Charges Against Chin,* Docket # 692, p. 3. Nevertheless, the government claims that Kathy Chin was responsible for aspects of the compounding and dispensing process beyond her assigned job duties because she was "the *only pharmacist[]* to review the drug orders prior to shipment." *Id.,* p. 1 and 4 (emphasis in original).

There is, however, no such legal standard of liability. Even a senior corporate executive - which Kathy Chin was not – cannot be held responsible for corporate wrongdoing unless she had responsibility for and authority to direct the work. *United States v. Park,* 421 US 658, 673-674 (1975). ("[T]he Government establishes a prima facie case when it introduces evidence ... that the defendant had, by reason of his position in the corporation, responsibility and authority either to prevent in the first instance, or promptly to correct, the violation complained of, and that he failed to do so.")(emphasis added). Even knowledge of wrongdoing will not subject a senior executive to criminally responsible for the actions or inactions of another employee if the executive lacked the position, responsibility and authority to prevent or remedy the wrong.

The government does not allege that Kathy Chin was a senior executive responsible for confirming prescriptions or that she had authority to direct anyone in the confirming department much less less Barry Cadden. Lacking any legitimate applicable theory of criminal liability against Ms. Chin, the government has invented the "only pharmacist to see the order" doctrine. Unlike the carefully circumscribed liability of a senior executives set forth in *Park*, however, limited as it is by position, responsibility and authority, under the government's theory any

pharmacist - no matter how lowly her position in the company or limited her job duties - would have unlimited liability for corporate wrongdoing in connection with compounding or dispensing drugs.

But the fact that one has a professional license does not alone create criminal liability for the wrongdoing of others in a corporate setting. If it did, no professional could work in a corporate setting or as other than a sole practitioner.  The government does not allege that Kathy Chin ever failed to do her job, ensuring that the right drugs went to the right facility.  On the contrary, Ms. Chin was good at her job; she was fast and accurate, regularly catching errors in the items she was responsible for checking – which did not include prescriptions or patient names.  Ms. Chin never held any other position at NECC.  The government does not allege that the drugs that were shipped pursuant to the four charged orders were tainted, improperly prepared or tested or caused harm to anyone at all.

It is not clear whether the government in claiming that the checking pharmacist was the *"only pharmacist"* (emphasis in original) to review the drugs prior to shipment is suggesting that NECC or the confirming department were criminally understaffed.  But if so that was Barry Cadden's responsibility; Kathy Chin had neither position, responsibility nor authority for hiring pharmacists or staff at NECC.   Kathy Chin had sufficient resources to do her job and did it well. She cannot be held vicariously liable for deficiencies - if any – elsewhere in the company and the government should not be permitted to allege or suggest that she can be.

## REQUEST FOR ORAL ARGUMENT

Defendant believes that oral argument will assist the Court and requests a hearing on this motion.  Local Rule 7.1(d).

- 5 -

- 6 -

        Respectfully Submitted,

        KATHY S. CHIN,
        By her attorney,

        /s/ Joan M. Griffin___
        Joan M. Griffin (BBO# 549522)
        PO Box 133
        Dublin, NH 03444
        griffin@lawjmg.com
        (617) 283-0954

Date:   September 12, 2018

## CERTIFICATE OF SERVICE

I hereby certify that the above document was served on all parties of record by ECF filing on September 12, 2018.

        /s/ Joan M. Griffin
        Joan M. Griffin