UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CR-10363-RGS |
| ) | |
| BARRY J. CADDEN, et al. ) | ORAL ARGUMENT REQUESTED |
| ) | |
| Defendants. ) | |

### DEFENDANT KATHY S. CHIN'S
### MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
### OF OTHER ALLEGED WRONGDOING

The Defendant Kathy S. Chin moves for an order *in limine* prohibiting evidence of or reference in the arguments of counsel to any alleged wrongdoing by Kathy Chin other than that charged in the four counts against her.

As grounds for this motion, Kathy Chin states that she is not charged in any conspiracy or RICO count and as a low level employee of the corporation cannot be held vicariously liable for the misdeeds - if any - of her coworkers. The government does not allege that the drugs that were shipped pursuant to the four charged orders were tainted, improperly prepared or tested or caused harm to anyone at all. Nor does the government claim that Chin ever failed to do her job, ensuring that the right drugs went to the right facility. Thus evidence of alleged misdeeds unrelated to the four charged shipments is irrelevant, misleading, unduly prejudicial and a waste of judicial resources and should be excluded.

The defendant cannot list the specific testimony the government might elicit at trial because the government has provided only a generic 404b disclosure which does not comply

with FRE 404b's notice requirement and has not responded to the defendants' request for specific notice for each defendant. But by way of example, government witness and former NECC employee Lindsay Carvalho testified at the grand jury that Kathy Chin on some unspecified occasion added two syringes with similar expiration dates (within days of each other) to an order of 25 syringes that was short by 2. Lindsay Carvalho, Grand Jury 12/10/13, P.72-73.  The defendant cannot reasonably defend against such amorphous and unspecified allegations unrelated to the charged shipments or charged conduct and such testimony is therefore irrelevant and unfairly prejudicial and should be excluded.

## REQUEST FOR ORAL ARGUMENT

Defendant believes that oral argument will assist the Court and requests a hearing on this motion. Local Rule 7.1(d).

Respectfully Submitted,

KATHY S. CHIN,
By her attorney,

____/s/ Joan M. Griffin_____

Joan M. Griffin (BBO# 549522)
PO Box 133
Dublin, NH 03444
griffin@lawjmg.com
(617) 283-0954

Date:   September 12, 2018

- 3 -

## **CERTIFICATE OF SERVICE**

     I hereby certify that the above document was served on all parties of record by ECF filing on September 12, 2018.

                                                  /s/ Joan M. Griffin
                                                  Joan M. Griffin